UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa A. Biron, | Case No. 22-cv-1501 (DSD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons; Michael Carvajal, Director of the Bureau of Prisons; and Mistelle Starr, Warden of FCI Waseca, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Lisa Biron's Application to Proceed in District Court Without Prepaying Fees or Costs (hereinafter IFP Application"), [Docket No. 2], as well as, her Motion for Temporary Restraining Order. [Docket No. 3].

Plaintiff, a federal prisoner requesting permission to proceed in forma pauperis, brings this emergency action seeking to enjoin her forthcoming transfer from the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca") to the Secure Female Facility in Hazelton, West Virginia ("SFF Hazelton"). Plaintiff also requests a temporary restraining order halting her transfer. [Docket No. 3].

As this Court has observed in Plaintiff's other actions in this District, Plaintiff was convicted in the United States District Court for the District of New Hampshire on counts "of transporting a minor with intent to engage in criminal sexual activity, sexual exploitation of children, and possession of child pornography" and was sentenced to a 480-month term of imprisonment. See, Biron v. United States, No. 16-cv-0108-PB, 2017 WL 4402394, at *1 (D.N.H.

Oct. 7, 2017). Plaintiff has been in the custody of the Federal Bureau of Prisons ("BOP") since 2013, and she has been incarcerated at FCI Waseca since 2018. (See, Compl. [Docket No. 1] ¶¶ 7, 12).

In 2021, Plaintiff requested to be transferred to the federal prison in Danbury, Connecticut ("FCI Danbury"), which includes a low-security facility for female prisoners in addition to a larger facility for male prisoners. (See, Id. ¶ 20). FCI Danbury is the only women's prison operated by the BOP within 500 miles of Plaintiff's primary residence. (See, Id. ¶ 19). Until very recently, Plaintiff believed that the BOP intended to transfer her to FCI Danbury as requested. Plaintiff now believes, however, that the BOP intends to transfer her to SFF Hazelton, a facility in West Virginia with a higher security classification than either FCI Waseca (where she resides now) or FCI Danbury (where she hopes to reside in the future).

The BOP's authority over prisoner placements is established by 18 U.S.C. § 3621(b). The provision, which is central to this lawsuit, is set forth in full below:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence. The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering —
>
>   (1) the resources of the facility contemplated;
>   (2) the nature and circumstances of the offense;

2

(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. <u>The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.</u> The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. <u>Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.</u>

18 U.S.C. § 3621(b) (emphasis added).

Despite the broad discretion over placement granted to the BOP under § 3621(b), Plaintiff alleges that the BOP has violated its statutory duties in potentially placing her at SFF Hazelton rather than FCI Danbury. Plaintiff requests that the Court both declare the transfer to be unlawful and enjoin the transfer.

Because Plaintiff is a prisoner, her Complaint is subject to review under § 1915A, which requires that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —

3

>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).[1]

Section 3621(b) poses an obvious barrier to Plaintiff: the provision states unambiguously that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Section 3621(b) "'provides the BOP with broad discretion to choose the location of an inmate's imprisonment,' so long as the factors enumerated in the statute are considered." Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007) (quoting Fults v. Sanders, 442 F.3d 1088, 1090–91 (8th Cir. 2006)).

Nevertheless, Plaintiff insists that the BOP would violate § 3621(b) if it were to transfer her to SFF Hazelton. In challenging the forthcoming transfer, Plaintiff takes care not to

---

[1] Plaintiff was a licensed attorney prior to her conviction, see, Biron v. Sawyer, No. 19-cv-2938 (SRN/LIB), 2020 WL 6121270, at *5, and district courts need not "extend th[e] indulgence" of the pro se liberal-construction rule where the pro se litigant is also an attorney. Tatten v. City and County of Denver, 730 F. App'x 620, 624–25 (10th Cir. 2018). Nevertheless, this Court will extend Plaintiff the benefit of the doubt.

4

characterize her claim as an attack on the discretionary functions of the BOP. (See, Compl. [Docket No. 1] ¶ 33) ("Importantly, Plaintiff does not ask this Court to review a discretionary designation decision of the FBOP."). Instead, Plaintiff contends that the BOP is "completely ignoring the law and the factors set forth in § 3621(b)," and thus, according to Plaintiff, making her transfer between facilities subject to judicial review.

To support her claim, Plaintiff points to several factors weighing against transfer to SFF Hazelton, including (1) that FCI Danbury is substantially closer to her residence, and the residence of her parents, in New Hampshire; (2) that her security classification better matches the security level of FCI Danbury than that of SFF Hazelton; (3) that FCI Danbury is currently below full capacity; and (4) that no other security factors preclude her transfer to FCI Danbury. (See, Compl. [Docket No. 1]). None of this, however, amounts to an allegation that the BOP has either ignored the factors identified by § 3621(b) or that the BOP has considered factors not permissible under § 3621(b). Even accepting as true that several factors could be construed as weighing in favor of Plaintiff's placement at FCI Danbury, § 3621(b) prohibits federal courts from undertaking the kind of reweighting proposed by Plaintiff.

Nor is Plaintiff materially aided by the fact that § 3621(b) implores the BOP to consider placing inmates "to the extent practicable, in a facility within 500 driving miles of [their] residence." For one thing, the language of § 3621(b) prohibiting review of placement decisions of the BOP remains operational. For another thing, § 3621(b) neither guarantees nor entitles a prisoner to a placement within 500 miles of their residence. See, e.g., Lu v. Derr, No. 22-cv-90 (JAO/RT), 2022 WL 1156321, at *3 (D. Haw. Apr. 19, 2022) (collecting cases). Instead, proximity to residence is only one among the many factors that may be considered by the BOP— and even then, only "to the extent practicable." 18 U.S.C. § 3621(b). This Court therefore

5

concludes that the Complaint fails to plausibly allege that the BOP violated § 3621(b) through its placement decision.

Neither does the Complaint plausibly allege that Plaintiff's constitutional rights have been violated. It is "well-established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." United States v. James, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020). Nor do prisoners have a protected liberty interest in specific facility placements or security classifications. See, e.g., Khdeer v. Paul, No. 18-cv-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) ("Petitioner does not have a constitutionally protected liberty interest in serving his sentence at a particular institution."). Accordingly, Plaintiff is not constitutionally entitled to specific procedural protections prior to her transfer being effected.

Plaintiff has failed to state a claim on which relief may be granted. Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915A.

The court must still address Plaintiff's two pending Motions.

First, Plaintiff has requested a temporary restraining order ("TRO") enjoining her transfer from FCI Waseca to SFF Hazelton. Because Plaintiff has not established any likelihood of success on the merits of her claims—indeed, because Plaintiff's claims are so unlikely to succeed that immediate dismissal of those claims is recommended—it is further recommended that the Motion for a Temporary Restraining Order, [Docket No. 3], be denied. See, Canada v. Williamson, No. 21-cv-2085 (DSD/TNL), 2021 WL 6297552, at *4 (D. Minn. Dec. 13, 2021).

Second, Plaintiff has filed an IFP Application seeking permission to proceed in forma pauperis in this action. [Docket No. 2]. Little financial information is provided in the IFP application, and what little information is provided tends to demonstrate that Plaintiff was capable

of paying the filing fee at the outset of this matter without undue hardship. (See, IFP Application [Docket No. 2] at 1) (attesting that Plaintiff had a balance of $2,285.34 in her prison trust account at the time this action was filed). In any event, it is recommended that the IFP Application be denied on account of the summary dismissal of this action.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b);

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED**; and

3. Plaintiff's Motion for a Temporary Restraining Order, [Docket No. 3], be **DENIED**.

Dated: June 9, 2022
s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).